IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

EAGLE CAPITAL CORPORATION                                                    PLAINTIFF

V.                                                          CAUSE NO. 1:09cv254-SA-JAD

WALGREENS CO., D/B/A WALGREENS                                               DEFENDANT

## MEMORANDUM OPINION

Presently before the Court is the Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted [4]. The Court has reviewed the motion, responses, rules and authorities. For the following reasons the Court denies Defendant's Motion to Dismiss.

*Factual and Procedural Background*

Plaintiff, Eagle Capital Corp., entered into a contract agreement with Flowers By You, Inc., (FBY) on August 8, 2008. In this agreement, FBY agreed to assign certain invoices from Defendant, Walgreens Co., to Plaintiff in exchange for payment. Both Plaintiff and FBY notified Walgreens Co., of the assignment. On November 2, 2008, Plaintiff purchased the first of several FBY invoices due from Defendant. Plaintiff reviewed the invoices to make sure they were stamped and entered into Defendant's payment system. Plaintiff submitted the invoices to Defendant, and Defendant issued two checks payable to Plaintiff. However, before Plaintiff could deposit the checks in the bank, Defendant rescinded payment.

Defendant stopped payment on the checks because they discovered that FBY was fraudulently submitting invoices for payment on services that were never performed. The facts, as alleged, do not show that Plaintiff participated in or was aware of the fraud. Plaintiff now brings suit claiming solely that it was a holder in due course of the checks, and that Defendant did not have the right to rescind payment. Defendant contends that Plaintiff was not a holder in due course as a letter

written on August 28, 2008 modified their legal relationship. Defendant has now filed a Motion to Dismiss for failure to state a claim upon which relief can be granted, arguing that because Plaintiff was not a holder in due course, Plaintiff can not recover on its claim.

*Failure to State a Claim*

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court shall view all well-pleaded facts as true and consider them in a light most favorable to the plaintiff. Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); accord Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. 1937, 173 L. Ed. 2d 868, 883-85 (May 18, 2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555, 127 S. Ct. 1955 (quotation marks, citations, and footnote omitted). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (citing Twombly, 550 U.S. at 558, 127 S. Ct. 1955) (internal quotation marks omitted)). If the Court considers matters outside of the pleadings then the motion to dismiss must be converted into a motion for summary judgment. Fed R. Civ. Pro. 12(d). Although there have been documents attached to the motion and responses that are outside of the pleadings, the Court employs a Motion to Dismiss standard as those exhibits were not considered by the Court.

2

*Discussion and Analysis*

Here, the facts are not disputed. The question before the court is whether or not the facts presented raise a claim of entitlement to relief. Ultimately, the resolution of this motion will be based upon Plaintiff's legal status as a holder in due course. If the Court determines that Plaintiff is a holder in due course of the checks, then Plaintiff does have a claim of entitlement to relief. However, if Plaintiff is not a holder in due course, then the cause must be dismissed for failure to state a claim upon which relief can be granted.

Where a party assigns an instrument to another, generally, the assignee acquires no greater rights than the assignor in regards to third parties. Int'l Harvester Co. v. Peoples Bank and Trust Co., 402 So. 2d 856, 861 (Miss. 1981). An assignee steps into the shoes of the assignor and can not be in a better or worse position than that of the original assignor. Ford v. White, 495 So. 2d 494, 497 (Miss. 1986). However, an exception is made for a holder in due course: "A holder in due course is an advantageous position since such takes free from various claims and defenses." Morgan v. Bruce, 1993 WL 786892 at *12 (S.D. Miss. Feb. 1, 1993) (citing Miss. Code. Ann. § 75-3-305). Rescission is one such defense cut off by the holder in due course status. See Miss. Code Ann. § 75-3-202, cmt. 3 ("There can be no rescission or any other remedy against a holder in due course or a person who pays in good faith and without notice, even though the prior negotiation may have been fraudulent or illegal in its essence and entirely void.").

Plaintiff asserts that it is a holder in due course under Mississippi Code Annotated Section 75-3-302. This section provides :

> 'Holder in due course' means the holder of an instrument if: (1) The instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its

authenticity; and (2) The holder took the instrument (i) for value, (ii) in good faith, (iii) without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series, (iv) without notice that the instrument contains an unauthorized signature or has been altered, (v) without notice of any claim to the instrument described in Section 75-3-306, and (vi) without notice that any party has a defense or claim in recoupment described in Section 75-3-305.

Miss. Code Ann. § 75- 3-302. Defendant contends that Plaintiff may not claim that it is a holder in due course for three reasons (1) Plaintiff is a payee of the disputed instruments, (2) the August Letter notified Plaintiff of possible defenses, (3) the August Letter waived Plaintiff's holder in due course status.

**1. Plaintiff's status as payee of the instrument does not limit its ability to claim holder in due course status.**

Defendant contends that the holder in due course rule does not apply to the payee of an instrument except in limited circumstances. Defendant asserts that as Plaintiff was the named recipient of the checks, Plaintiff was also the payee of the checks and therefore holder in due course status is precluded. Comment 4 to Section 73-3-302 provides a list of examples of when a payee of an instrument may also be a holder in due course. Defendant asserts that, as the disputed scenario does not match any of the examples, Plaintiff may not claim holder in due course status as a payee. However, the list of examples in Comment 4 is by no means exhaustive. The examples are in fact preceded in the comment by an explanation as to when it is proper to allow a payee to assert rights as a holder in due course:

> But in a small percentage of cases it is appropriate to allow the payee of an instrument to assert rights as a holder in due course. . . like . . . cases in which conduct of some third party is the basis of the defense of the issuer of the instrument.

Miss. Code Ann. § 75-3-302 cmt. 4. The facts of this case fit that description. Here, Defendant is asserting a defense of fraud that arose from the conduct of FBY, a third party. Therefore, the fact

4

that Plaintiff is the payee of the instruments does not prohibit it from asserting rights as a holder in due course. Id.

**2. Plaintiff's receipt and acknowledgment of the August Letter does not waive its rights as a holder in due course.**

Defendant contends that, through its execution of the August Letter, Plaintiff waived its rights as a holder in due course. In the August Letter, Defendant informed Plaintiff that it would be subject to all of the defenses that Defendant may have against FBY, the vendor. Defendant requested that Plaintiff sign and return the August Letter which Plaintiff did. The August Letter provides, in pertinent part:

> Please be advised that your right to payment from Walgreens pursuant to the assignment of the accounts receivable from our vendor shall be subject to all of the terms and conditions of the specific transaction or purchase order between Walgreens and vendor. Please also be advised that as a result, certain deductions and offsets may be taken from invoiced sums or other monies due to our vendor based on the terms of the purchase transaction as agreed to by Walgreens and the vendor and *you shall be subject to all defenses that Walgreens has against vendor*. . . . If the foregoing is in accordance with your understanding please so indicate by signing and returning the enclosed copy of this letter.

(emphasis added). Defendant relies on the ability of parties to modify existing obligations pursuant to Section 75-3-117 of the Mississippi Code. This Section provides that, "the obligation of a party to an instrument may be modified, supplemented or nullified by a separate agreement between the obligor and a person entitled to enforce the instrument." Miss. Code. Ann. § 75-3-117. Defendant is correct in arguing that subsequent contractual modifications may be enforced against parties pursuant to this provision. Id. However, modification of an obligation through a separate agreement can not be used to defeat the rights of a holder in due course. Miss. Code Ann. § 75-3-305 cmt. 2. Comment 2 to Mississippi Code Annotated Section 75-3-305 states that:

5

> Subsection (a)(2) states other defenses that, pursuant to subsection (b) are cut off by a holder in due course. These defenses comprise those specifically stated in Article 3 and those based on common law contract principles. Article 3 defenses are noninssuance of the instrument, . . . *modification of the obligation by a separate agreement*. . . .

Id. (emphasis added). Therefore, the Court need not address the issue as to whether or not the August Letter has a basis of enforcement as modification by a separate agreement is cut off by Plaintiff's holder in due course status, as such an argument is not a valid defense against holder in due course status.

**3. Plaintiff's acknowledgment that it would be subject to all claims and defenses that Defendant would have against FBY does not limit its ability to assert rights as a holder in due course.**

Defendant also argues that Plaintiff's execution of the August Letter served as notice that a party has a defense. As discussed above, a defense based upon a separate agreement is cut off by holder in due course status. Miss. Code Ann. § 75-3-305 cmt. 2. However, assuming arguendo that the August Letter did subject Plaintiff to all claims and defenses that Defendant may have had against F.B.Y, the August Letter still did not provide the type of notice necessary to defeat holder in due course status. The type of notice required to defeat the rights of a holder in due course is specific in nature. Stuckey v. The Provident Bank, 912 So. 2d 859, 869-71 (Miss. 2005) (finding that the Bank was a holder in due course despite the possible improper actions of a third party because there was no evidence that the bank acted in collusion with the third party or had notice of the third party's activities). In Stuckey, the court was not dealing with a modification of the parties obligations; however, it was clear that the Court required some actual knowledge of the improper actions of the third party or claims against the third party in order for the Bank to lose its holder in

6

due course status. Id. Therefore, although Plaintiff did acknowledge that it would be subject to all claims and defenses that Defendant might assert against FBY, this acknowledgment does not hinder Plaintiff's ability to assert its rights as a holder in due course, as Plaintiff did not have notice of the fraud perpetrated by FBY at the time it received the instruments. Plaintiff examined all of the invoices submitted by FBY for Walgreen's stamp. The presence of the stamps led Plaintiff to believe that all of the invoices were properly executed.

*Conclusion*

There have been no facts presented to show that Plaintiff did not take the checks and invoices for value, in good faith, without notice that they were overdue or had been dishonored, without notice that they contained an unauthorized signature or had been altered, without notice of any claim to the instrument described in Section 75-3-306, and without notice that any party has a defense or claim in recoupment. See Miss. Code Ann. § 75-3-305 (defining holder in due course). At this stage in the proceedings, Defendant has failed to show Plaintiff is not a holder in due course. Therefore, the Court denies Defendant's Motion to Dismiss.

So ORDERED, this the 9th day of August, 2010.

                                              **/s/ Sharion Aycock**
                                              **U.S. DISTRICT JUDGE**